No. 20-2596
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
JOSE DREW,
Defendant-Appellant.
_____

On Appeal from the United States District Court
Western District of Missouri, Western Division
The Honorable David Gregory Kays
Dist. Ct. No. 18-00203-01-CR-W-DGK
_____

APPELLANT'S BRIEF
_____

David J. Guastello
The Guastello Law Firm
811 Grand Blvd., Suite 101
Kansas City, MO 64106
PH: 816-753-7171
Email: david@guastellolaw.com
Counsel for Appellant

## CASE SUMMARY and REQUEST FOR ORAL ARGUMENT

This appeal in a criminal case seeks reversal of Jose Drew's conviction, or, in the alternative, relief from the 360 month prison sentence imposed by the district court. He was found guilty by jury trial of one count of being a felon in possession of a firearm. Mr. Drew maintains the court abused its discretion in admitting six previous felony convictions as Federal Rule of Evidence 404(b) evidence, as well as in rejecting his proposed "mere presence" jury instructions. He also asserts the evidence was insufficient to support a finding beyond a reasonable doubt that he possessed a firearm. Based on the above errors, Mr. Drew suggests that his conviction should be vacate and remanded to the district court.

As to Mr. Drew's sentence, the district court imposed an upward variance from the calculated guideline range of 235 to 293 when it imposed a sentence of 360 months imprisonment. Mr. Drew maintains that the district court imposed a substantively unreasonable sentence when relying on factors already adequately addressed by the guidelines when imposing the upward variance.

Mr. Drew respectfully submits that oral argument is necessary to the just resolution of this appeal. No more than 10 minutes should suffice.

# **TABLE OF CONTENTS**

SUMMARY  and request for Oral Argument ......................................................... ii

TABLE OF CONTENTS........................................................................................ iii

TABLE OF AUTHORITIES ..................................................................................iv

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF ISSUES ......................................................................................2

STATEMENT OF THE CASE .................................................................................3

SUMMARY OF THE ARGUMENT .......................................................................9

ARGUMENT ..........................................................................................................11

    I.     The district court abused its discretion by admitting six prior felony
           convictions under Federal Rules of Evidence 403 and 404(b).............. 11

    II.    The government failed to introduce evidence sufficient to sustain the
           verdict of guilty imposed upon Jose Drew as to felon in possession of
           a firearm............................................................................................... 17

    III.   The District Court abused its discretion when it rejected the defense's
           proposed jury instruction on "mere presence" ............................................ 19

    IV.   The district court abused its discretion when it gave undue weight to
           Mr. Drew's criminal history and pretrial adjustment when it imposed
           a substantively unreasonable sentence of 360 month imprisonment .. 23

CONCLUSION .......................................................................................................27

CERTIFICATE OF COMPLIANCE .....................................................................28

CERTIFICATE OF SERVICE ...............................................................................29

# TABLE OF AUTHORITIES

Cases .......................................................................................... Page No.

*Gall v. United States*, 552 U.S. 38 (2007) ........ ............................................ 23, 25

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................................17

*Rehaif v. United States*, 139 S.Ct. 2191 (2019)........ ..................................... 12, 18

*United States v. Aldridge*, 664 F.3d 705 (8th Cir. 2011)........ ...........................11

*United States v. Cantrell*, 530 F.3d 684 (8th Cir. 2008) ........ ...............................22

*United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996) ........ ................................13

*United States v. Crumble*, 965 F.3d 692 (8th Cir. 2020) ........ ..............................24

*United States v. Dautovic*, 763 F.3d 927 (8th Cir. 2014) ........ ...........................24

*United States v. Dorsey*, 523 F.3d 878 (8th Cir. 2008) ........ ................................12

*United States v. Halk*, 634 F.3d 482 (8th Cir. 2011) ........ ....................................13

*United States v. Harris*, 964 F.3d 718 (8th Cir. 2020) ........ ................................12

*United States v. Hayes*, 518 F.3d 989 (8th Cir. 2008) ........ ..................................19

*United States v. Henderson*, 613 F.3d 1177 (8th Cir. 2010) .....................................9

*United States v. Herbst*, 666 F.3d 504 (8th Cir. 2012) ........ .................................17

*United States v. Hill*, 249 F.3d 707 (8th Cir. 2001)..................................................13

*United States v. Ironi*, 525 F.3d 683 (8th Cir. 2008) ………...................................19

*United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004) .........................................14

*United States v. Manning*, 618 F.2d 45 (8th Cir. 1980)...…… ........................ 12, 21

*United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016) ……. ....................... 25-26

*United States v. Medicine Horn*, 447 F.3d 620, 622 (8th Cir. 2006)……………...11

*United States v. Oaks*, 606 F.3d 530 (8th Cir. 2009)..............................................15

*United States v. Patino*, 912 F.3d 473 (8th Cir. 2019)...…… ...............................11

*United States v. Samuels*, 543 F.3d 1013 (8th Cir. 2008) ………...........................17

*United States v. Serrano-Lopez*, 366 F.3d 628 (8th Cir. 2004) .……. ....................22

*United States v. Singh*, 877 F.3d 107 (2d Cir. 2017) ………...................................24

*United States v. Teague*, 646 F.3d 1119 (8th Cir. 2011) .……. .............................17

*United States v. Timberlake*, 679 F.3d 1008 (8th Cir. 2012) ………........................23

*United States v. Tindall*, 455 F.3d 885 (8th Cir. 2006) .……. ...............................18

*United States v. Trogdon*, 575 F.3d 762 (8th Cir. 2009) ..…… ................. 11-12, 15

*United States v. Walker*, 470 F.3d 1271 (8th Cir. 2006) ..…… ............................13

*United States v. Williams*, 534 F.3d 980 (8th Cir. 2008)..………...............................9

*United States v. Wright*, 866 F.3d 899 (8th Cir. 2017) ………...............................16

**Guidelines ......................................................................................... Page No.**

U.S.S.G. §2K2.1................................................................................. 25

U.S.S.G. §4A1.1.................................................................................25

# JURISDICTIONAL STATEMENT

Mr. Drew was charged by second superseding indictment in the United States District Court for the Western District of Missouri with being a felon in possession of a Glock Model 21, .45 caliber semi-automatic pistol, bearing Serial Number SYX829 on July 13, 2018.  The district court possessed jurisdiction over this criminal case pursuant to 18 U.S.C. §3231, which provides that "[t]he district court of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

This Court possesses jurisdiction over this appeal pursuant to 28 U.S.C. §1291, which gives the Court jurisdiction over all final decisions of the district courts of the United States.  *See also* Fed. R. App. P. 4.

Additionally, 18 U.S.C. §3742 provides for review of a federal sentence. Final judgment and sentence was entered on July 27, 2020.  Appellant filed a timely Notice of Appeal on July 21, 2020, pursuant to Fed. R. App. P. 4(b)(1)(A).

# STATEMENT OF ISSUES

**Issue I:** **The district court abused its discretion by admitting six prior felony convictions under Federal Rule of Evidence 403 and 404(b).**

*United States v. Aldridge*, 664 F.3d 705 (8th Cir. 2011)

*United States v. Trogdon*, 575 F.3d 762 (8th Cir. 2009)

*United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004)

**Issue II:** **The government's evidence was insufficient to convict Jose Drew of the crime of felon in possession of a firearm.**

*Jackson v. Virginia*, 443 U.S. 307 (1979)

*United States v. Herbst*, 666 F.3d 504 (8th Cir. 2012)

*United States v. Tindall*, 455 F.3d 885 (8th Cir. 2006)

**Issue III:** **The District Court abused its discretion when it rejected the "mere presence" instruction proposed by the defendant.**

*United States v. Ironi*, 525 F.3d 683 (8th Cir. 2008)

*United States v. Manning*, 618 F.2d 45 (8th Cir. 1980)

*United States v. Cantrell*, 530 F.3d 684 (8th Cir. 2008)

**Issue IV:** **The district court abused its discretion by imposing a substantively unreasonable sentence, where Mr. Drew was sentenced to 360 months imprisonment, notwithstanding his guidelines range was 235-293. The district court gave undue weight to Mr. Drew's criminal history and pretrial adjustment to justify its upward variance from the Guidelines.**

*United States v. Crumble*, 965 F.3d 692 (8th Cir. 2020)

*Gall v. United States*, 552 U.S. 38 (2007)

*United States v. Dautovic*, 763 F.3d 927 (8th Cir. 2014)

**STATEMENT OF THE CASE**

A three-count second superseding indictment charged the Appellant, Jose Drew with one count of violating 18 U.S.C. 922(g). A jury returned a verdict of guilty to the one charged count. He was sentenced to 360 months which represents an upward variance of over ten years from the bottom of his guideline range. Mr. Drew challenges both his conviction, or if upheld, his sentence.

As argued more fully below, Mr. Drew maintains the district court erred in admitting six prior state felony convictions at trial as Federal Rule of Evidence 404(b) evidence. He also asserts the evidence was insufficient to support a conviction for felon in possession of a firearm and the district court, thus erred in denying his motion for judgment of acquittal. He further submits the lower court erred in rejecting the defenses proposed "mere presence" jury instruction. Finally, Mr. Drew suggests that the district court imposed a substantively unreasonable sentence when it imposed an upward variance sentence of 360 month.

Jose Drew was charged in a second superseding indictment with one count which alleged a violation of the possession of a firearm by a prohibited person statue. (DCD 62)[1] On January 15, 2020, Drew proceeded to jury trial. The

---

[1] Throughout this brief the district court docket will be referred to as "DCD" followed by the document number and page number if noted, the trial transcript will be referred to as "T. Tr." followed by the page number, and the transcript for

government called five witnesses and the defense rested without putting on any evidence.

Mr. Drew entered into a number of stipulations with the government pertaining to the elements of the charged offense. Mr. Drew stipulated that the firearm traveled in and affecting interstate commerce, that Drew had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (T. Tr. 57-60)

In July 2018, Deanthony Smith, a paid informant with the ATF, was directed by Special Agent Thomas Waggoner to attempt to purchase as firearm from codefendant Maurice Jefferson. (T. Tr. 68) Smith and Jefferson agreed to meet at the parking lot of the Country View Market to conduct the purchase of the firearm. (T. Tr. 69) Prior to the meeting, Smith met with Agent Waggoner for the purpose of being outfitted with a convert listening device. (T. Tr. 70) After arriving at Country View parking lot, Smith entered Jefferson's vehicle. (T. Tr. 70-71) However, according to Smith, prior to entering Jefferson's vehicle, the listening device slipped through a hole in his pocket. (T. Tr. 71) Smith retrieved the listening device off the ground then threw it under the seat of his own vehicle. (T. Tr. 72) After placing the listening device in Smith's vehicle, Smith entered

the sentencing hearing will be referred to as "S. Tr." followed by the corresponding page number.

Jefferson's vehicle.  (T. Tr. 72)  As a result of Smith dropping the listening device, the operation became "visual only" for purposes of surveillance.  (T. Tr. 105)

Smith testified that upon entering Jefferson's vehicle, he sat in the front passenger seat with Jefferson in the driver's seat and Jose Drew was in the backseat.  (T. Tr. 73)  Smith testified that the firearm was on the center console between the driver and passenger seat.  (T. Tr. 74)  When asked by the government if anyone picked up the firearm, Smith testified that "I believe the defendant picked it up" then added "I don't remember every aspect of that situation."  (T. Tr. 75)  Only later when asked directly if the defendant ever held the firearm in his hand did Smith answer affirmatively.  (T. Tr. 77)  According to Smith, Jefferson and Drew had a disagreement regarding the terms of the sale and ultimately the sale was not accomplished.  (T. Tr. 76)  Smith left the Country View parking lot and met with Special Agent Waggoner.  (T. Tr. 80)  Smith was instructed by Agent Waggnor to set up another meeting with Jefferson in order to allow law enforcement an opportunity to arrest Jefferson and Drew.  (T. Tr. 81)

After law enforcement debriefed Smith regarding the transaction, ATF Agent Immesberger and other members of law enforcement, decided to effectuate an arrest of both Jefferson and Drew. (T. Tr. 107)  Agent Immesburger arrested Drew and Jefferson outside of an apartment complex off on  Tracy Avenue.  (T. Tr. 109)  After the arrest, law enforcement searched Jefferson's vehicle and

recovered the firearm located between the center console area and the front passenger seat. (T. Tr. 166)

Sarah Yearsley, former forensic biologist for the ATF, analyzed evidence associated with the investigation. (T. Tr. 151) She analyzed a known DNA sample from Jose Drew contained in Exhibit 5. She also examined Exhibit 6, which consisted of DNA swabs from the trigger, trigger group, and trigger guard of the pistol. (T. Tr. 151) Exhibit 7 consisted of DNA swabs from the front and rear sights, frame, slide and magazine of the pistol. (T. Tr. 151) Yearsley testified that Exhibit 7 was not suitable for comparison because there were too many contributors to the sample. (T. Tr. 152) Yearsley testified that Drew was a possible contributor to the DNA swabs from the trigger guard, trigger group, and trigger from the firearm. (T. Tr. 153) Yearsley conceded on cross examination that it is possible for DNA to transfers from one person to an object without that person ever having actually touched the object. (T. Tr. 158-159) She also conceded that she could not testify whether Drew touched the firearm in question. (T. Tr. 157)

The government introduced 404(b) evidence, over the objection of the defense, regarding three previous felony convictions sustained by Drew. (T. Tr. 23-24; 190-193) The government introduced into evidence six separate criminal convictions incurred by Drew. (T. Tr. 190-93) Thomas Waggoner, agent with the

ATF, testified that Drew had previously been convicted of first degree robbery, a felony, and armed criminal action, a felony, in the Circuit Court of Jackson County, Missouri, in case number 0716-CR04403-02.  He further testified that Drew had been convicted on June 13, 2013 of second degree robbery, a felony, and armed criminal action, a felony, in the Circuit Court of Jackson County, Missouri in Case Number 1216-CR1514-04. Finally, Agent Waggoner testified that Drew was convicted on June 13, 2013 of second degree robbery and armed criminal action in the Circuit Court of Jackson County, Missouri in Case Number 1216-CR02162-01.  (T. Tr. 193)  Agent Waggoner testified that all the previous offenses involved Drew possessing a firearm.  (T. Tr. 190-93)

Agent Waggoner also testified that a photograph of the firearm was discovered on Drew's phone.  (T. Tr. 196)  On cross examination Agent Waggoner could not say with certainty who took the picture of the firearm nor what the circumstances were around the particular picture.  (T. Tr. 204)

At the conclusion of the evidence Drew moved orally for a judgment of acquittal arguing that the government had not provided sufficient reliable evidence that Drew possessed the firearm.  (T. Tr. 235-236)  Drew's motion was denied.  (T. Tr. 236)  The defense requested the "mere presence" instruction which read, "[t]he mere presence of the Defendant at a location where gun was found is not sufficient to establish beyond a reasonable doubt that the Defendant knowingly possessed the

firearm as charged in the indictment." (DCD 100, Addendum, 7) The district court rejected the defenses proposed "mere presence" instruction. Id.

After submission of the case to the jury, Mr. Drew a guilty verdict was returned. (T. Tr. 282)

The sentencing hearing was held on July 27, 2020. The district court adopted the guideline range of 235 to 295 months based on a total offense level 33 and a criminal history VI. (S. Tr. 3) Addressing Drew's history and characteristics, the district court noted that Drew was on parole for two armed robberies and armed criminal actions when the underlying offense occurred. (Sent. Tr. 18) The district court also noted the 31 conduct violations while Drew was incarcerated in the state system as well as six separate violent incidences while in pretrial detention. (S. Tr. 18-19) The district court went on to state that the "fact that this occurred while you're on parole for two different – two different armed robberies is a big one. The nature of the crime, dealing with a .45 caliber Glock, all those things go together, in my opinion." (Sent. Tr. 20) The court also considered "[r]espect for the law is an important consideration. That's one of our factors." (Id.) The district court made no mention of Drew's cognitive disability or his mental health when reciting the nature and characteristics of the defendant. (S. Tr. 1-22) The district court then imposed custody sentence for 360 month citing the "danger to the public that this defendant poses." (Sent. Tr. 21) This appeal followed.

# SUMMARY OF THE ARGUMENT

Jose Drew was wrongfully convicted of being a felon in possession of a firearm. Mr. Drew stipulated pursuant to *Old Chief* the being a prohibited person and that the firearm had traveled in interstate commerce. Mr. Drew also stipulated to the *Rehaif* element as it applied to his knowledge of his prohibited statutes. Therefore the only element the government had to prove beyond was whether he knowingly possessed the firearm. The government introduced six previous felony convictions of Mr. Drew's: one first degree robbery, two second degree robberies and three armed criminal action convictions under Federal Rule of Evidence 404(b). Mr. Drew maintains the district court abused its discretion in admitting these prior convictions because it had served no probative purpose, was introduced solely to prove his propensity to commit the act of being a felon in possession of a firearm, and was clearly more prejudicial than probative. *United States v. Henderson*, 613 F.3d 1177, 1182 (8th Cir. 2010); *United States v. Williams*, 534 F.3d 980, 984 (8th Cir. 2008)

The government's evidence was insufficient to support a finding beyond a reasonable doubt that Mr. Drew knowingly possessed a firearm. The court should have granted the motion for judgment of acquittal. Mr. Drew maintains the government did not produce sufficient evidence to establish he knowingly possessed the firearms.

Furthermore, the court abused its discretion in rejecting Mr. Drew's requested "mere presence" jury instruction. The circumstances in this case are most like the record in *United States v. Manning*, 618 F.2d 45, 47 (8th Cir. 1980). Mr. Drew's conviction should be vacated and the matter remanded for a new trial.

Finally, Mr. Drew maintains that the district court abused its discretion when it gave undue weight to Mr. Drew's criminal history and pretrial adjustment when it imposed a substantially unreasonable sentence of 360 months.

# ARGUMENT

## I. The district court abused its discretion by admitting six prior felony convictions under Federal Rules of Evidence 403 and 404(b).

### A. Standard of Review

This Court reviews "a district court's decision to admit evidence under Federal Rule of Evidence 404(b) for abuse of discretion and reverse[s] only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Patino*, 912 F.3d 473, 476 (8th Cir. 2019), *quoting*, *United States v. Aldridge*, 664 F.3d 705, 713 (8th Cir. 2011) (alteration in the original) (internal quotation marks omitted). District courts are given broad discretion in gauging the possibility of unfair prejudice under Rule 403, and [this Court] will reverse only if a district court abuses this discretion. *United States v. Medicine Horn*, 447 F.3d 620, 622 (8th Cir. 2006).

### B. Discussion

Mr. Drew maintains that the district court should have excluded evidence of his prior state felony convictions. This court has held that "[d]istrict courts may admit 404(b) evidence of a prior conviction in order to prove intent or knowledge." *Aldridge*, 664 F.3d at 713, citing, *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009). "The prior conviction must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported

by sufficient evidence; and (4) higher in probative value than prejudicial effect."
*Id*. (internal quotations marks omitted).

Mr. Drew acknowledges that, based on Eighth Circuit precedent, his prior aggravated robbery convictions satisfy the second and third prongs regarding the admissibility of his previous convictions under Rule 404(b). However, Mr. Drew maintains that the first and fourth prongs were not satisfied nor was the balancing test under 403. *United States v. Dorsey*, 523 F.3d 878, 881 (8th Cir. 2008) ("evidence that meets Rule 404(b)'s relevancy test is still subject to Rule 403 balancing"), *quoting*, *United States v. Hill*, 249 F.3d 707, 713 (8th Cir. 2001) (internal quotation marks omitted).

Possession of a firearm by a convicted felon requires the Government to prove a previous conviction of a crime punishable by a term of imprisonment exceeding one year, knowing possession of a firearm, the firearm was in or affecting interstate commerce. *United States v. Harris*, 964 F.3d 718, 723 (8th Cir. 2020). The government must also prove the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. *Id*., *quoting*, *Rehaif v. United States*, 139 S.Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019). Drew stipulated to being a prohibited person and the firearm traveling in or affecting interstate commerce. Drew further stipulated to his knowledge of being a prohibited person. Therefore, the only material issue at trial was whether Drew knowingly possessed

the firearm in question. Intent to possess a firearm is not an element of 18 U.S.C. 922(g).

Mr. Drew acknowledges that this Court has previously held that "[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent" and that a defendant's prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) In *Walker*, this Court noted that the defendant "placed his knowledge of the firearm's presence in the headboard of the bed at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." *Id.*, *citing United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996). This Court held that "Walker's prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it." *Id.* Despite the fact that the intent to possess the firearm is not an element of 922(g), this Court has repeatedly affirmed the admission of prior convictions involving firearms because the convictions "address the material issue of [the defendant's] knowledge of the presence of the firearm and his intent to possess it." *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011), *citing*, *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). Mr. Drew respectfully suggests that this Court erred in that determination in *Walker* as well as its continued recitation of

the possession element of 922(g) involving both a knowing and intent component. If intent was an issue, then a prior aggravated robbery involving a firearm or an armed criminal action conviction, arguably, would be relevant to establish that element. That being said, "[a]lthough Rule 404(b) lists intent as one of the purposes for which other-acts evidence may be admissible," Mr. Drew's prior convictions were inadmissible for that purpose under 922(g) because "the government had no obligation to prove intent." *United States v. Linares*, 367 F.3d 941, 948 (D.C. Cir. 2004). Because intent is not an element of the charged conduct, Mr. Drew maintains that his prior felony state convictions were not relevant to any material issue in his felon in possession of a firearm case rather its introduction to the jury was only for the purpose of improper propensity evidence.

Further, the particular facts of this case did not make the introduction of 404(b) evidence necessary or proper for the government to prove the element of knowledge. This Circuit, and others, have described the "classic case for introducing prior instances of gun possession" as involving the scenario in which the government can prove constructive possession but "would otherwise find it extremely difficult to prove that the charged possession was knowing." *Linares*, 367 F.3d at 949. However, the evidence presented here is easily distinguishable from those constructive possession cases where a firearm was seized from a location where there was shared access.

Here the government presented testimony from a paid informant who testified that Drew handled the firearm. Further the DNA evidence presented supported the informant's testimony. As such this is not a case where the government "would otherwise find it extremely difficult to prove that the charged possession was knowingly." Therefore the probative value of the introduction of the highly prejudicial six state felony convictions of firearm related offenses is virtually zero and was therefore introduced solely to prove the defendant's propensity to commit firearm related criminal acts.

Rule 404(b) "prohibits evidence of prior bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." *Trogdon*, 575 F.3d at 766. That is precisely what happed here with the introduction of, not one, but six state felony convictions presented to the jury. Character evidence "tends to distract the trier of fact from the main question of what actually happened" and "subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2009). Accordingly, the prior convictions are not higher in probative value than prejudicial effect and the fourth prong is not satisfied.

Even if this Court finds that the district court did not abuse its discretion in admitting the evidence under rule 404(b), Mr. Drew suggests the lower court did

abused its discretion in applying the balancing test under Federal Rule of Evidence Rule 403. As argued above, intent is not a material issue in felon in possession of a firearm case. If the government can establish possession, then it must still prove the possession was knowingly but not intentionally. The fact that a person has a prior conviction of armed robbery or armed criminal action, let alone six felony convictions, provides no probative value to his knowledge that he currently possessed firearms inside a vehicle. Further, the fact that the government sought to, and the district court allowed the government to introduce all six convictions to the jury almost-certainly gives rise to the improper, unfairly prejudicial conclusion that Mr. Drew has a propensity to committed firearm related offenses. In *United States v. Wright*, this Court, in addressing the use of a limiting instruction on the prejudicial effect of prior conviction evidence pointed to the fact that the district court "declined to admit evidence of Wright's other convictions specifically because it found that admitting evidence of multiple prior convictions . . . would be cumulative on the legitimate issues of intent, knowledge and lack of mistake while almost-certainly giving rise to the improper, prejudicial conclusion that Wright has a propensity to commit drug-distribution offenses." 866 F.3d 899, 905 (8th Cir. 2017) (internal quotation marks omitted).

Here, the district court abused its discretion in admitting Mr. Drew's six prior felony convictions under Rule 404(b) as well as under 403. His conviction must be vacated and the matter remanded for a new trial.

## II. The government failed to introduce evidence sufficient to sustain the verdict of guilty imposed upon Jose Drew as to felon in possession of a firearm.

### A. Standard of Review

This Court reviews "the sufficiency of the evidence *de novo*, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Teague*, 646 F.3d 1119, 1121-1122 (8th Cir 2011). Likewise, this Court reviews the denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the verdict. *United States v. Samuels*, 543 F.3d 1013, 1019 (8th Cir. 2008). This court will reverse the conviction "only if no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

### B. Discussion

A criminal conviction must be reversed when the defendant demonstrates that the government's evidence would not allow a "rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To sustain a conviction under 18 U.S.C.

922(g), the government must prove that Jose Drew is a prohibited person and that he knowingly possessed a firearm that traveled in interstate commerce. *United States v. Tindall*, 455 F.3d 885, 887 (8th Cir. 2006). The government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rahaif v. United States*, 139 S.Ct. 2191, 2192-93 (2019).

The evidence with regards to the technical elements of felon in possession of a firearm – prior felony conviction, interstate commerce and the *Rehaif* element were stipulated to by the parties and are not contested on appeal. However, Mr. Drew maintains the record was insufficient to establish he knowingly possessed the recovered firearm. He asserts that a reasonable jury could not have found the element of possession in this case based on the government's evidence and, thus, the judgment should be vacated. *Herbst*, 666 F.3d at 510.

At the end of the Government's case and the conclusion of the trial, Mr. Drew moved for judgment of acquittal. He argued that the government had not established sufficient proof to take the question to the jury about whether he knowingly possessed the firearm. The district court erred in denying the motion for judgment of acquittal because the evidence was insufficient to establish that Mr. Drew knowingly possessed the seized firearm. The judgment must be vacated, the conviction reversed, and a judgment of acquittal entered.

**III.    The District Court abused its discretion when it rejected the defense's proposed jury instruction on "mere presence".**

In this case, the district court refused to give the "mere presence" jury instruction requested by the defense.  (DCD 100)  Mr. Drew maintains that the proposed instruction was timely requested, accurately states the law, and supported by the evidence.  Mr. Drew further maintains that the district court's refusal to give the "mere presence" in conjunction with the instructions given gave credence to the government's version of events without acknowledging Mr. Drew's defense.

**A.    Standard of Review**

This Court reviews a district court's rejection of defendant's proposed instruction for abuse of discretion.  *United States v. Ironi*, 525 F.3d 683, 688 (8th Cir. 2008) (*quoting United States v. Hayes*, 518 F.3d 989, 994 (8th Cir. 2008) (internal quotation marks omitted).  Accordingly, the proper standard of review regarding the district court's refusal to give the "mere presence" instruction is abuse-of-discretion.

**B.    Discussion**

Mr. Drew maintains that he district court abused its discretion when it refused to give his "mere presence" instruction which was timely request, correctly recites the law and was supported by the evidence.

The defense timely requested the proposed instruction which read, "[t]he mere presence of the Defendant at a location where the gun was found is not

sufficient to establish beyond a reasonable doubt that the Defendant knowingly possessed the firearm as charged in the indictment." DCD 100; Addendum __. The charging instructions were not adequate and did not correctly cover the substance of defendant's proposed instruction or the applicable law. The jury instruction setting out the substantive elements of felon in possession of a firearm stated in the second element of the charge required defendant to have "knowingly possessed a firearm, that is a Glock Model 21 .45 caliber semi-automatic pistol, bearing Serial Number SYX829." (DCD 99, 23) Possession, both actual and constructive, is defined in instruction 21. Actual possession was defined to the jury as "[a] person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it." Constructive possession was defined to the jury as "[a] person, who although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." Notably, the "constructive possession" paragraph does not include the word "knowingly" or any reference to knowledge.

The requested "mere presence" instruction was necessary to extend the theory of defense as well as to clarify the burden requirement of the government to prove Mr. Drew's knowledge of the firearm's existence within the vehicle.

Without Drew's "knowledge" of the firearm, he could not be found to be in constructive possession.

In *United States v. Manning*, the district court refused to give a similar "mere presence" instruction. 618 F.2d 45, 47 (8th Cir. 1980) This Court, in reversing the district court, held that "a defendant in a criminal case is entitle to a 'theory of defense' or a 'position' instruction if he makes a timely request for such an instruction, if the request is supported by evidence and if it sets out a correct declaration of law." *Id*., at 47-48. The *Manning* Court noted that the instructions given by the district court regarding constructive possession cannot be said to have covered the substance of Manning's 'mere presence' defense since the instruction recommended conviction if the jury could find that Manning was at the scene with direct or indirect control of the weapon. *Id*. The Eighth Circuit found fault with the instructions given as they "appear to give credence to the police officers' version of events without acknowledging Manning's defense that he was merely a backseat passenger." *Id*.

Here, like in *Manning*, the requested instruction was timely made, was supported by the evidence and sets out a correct declaration of the law. Further, the instructions given by the district court gave credence to the government's version of events without acknowledging Mr. Drew's defense that he was merely a passenger in the vehicle of the actual target of the investigation, Mr. Jefferson.

Mr. Drew acknowledges there are instances where this Court has found that the district court did not abuse its discretion by rejecting a similar, but not identical, requested instruction finding that the instructions given were sufficient to preclude conviction based on the defendant's mere presence. *United States v. Cantrell*, 530 F.3d 684, 693 (8th Cir. 2008). The defendant in *Cantrell* requested an instruction which read:

> Mere presence or proximity to a firearm at the scene is not enough to support a finding that defendant knowingly possessed a firearm, unless you find beyond a reasonable doubt that the defendant knew that the firearms were present, and intended to exercise dominion and control over the firearms either directly or through others.

Id. at 692. This Court in *Cantrell* found that the "mere presence" instruction was unnecessary because it would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof. *Id*. (*quoting United States v. Serrano-Lopez*, 366 F.3d 628, 637 (8th Cir. 2004) (internal quotation marks omitted). However, here, the requested instruction is distinguishable from that in *Cantrell* in that the duplicative language regarding reasonable doubt and intent was not present.

Mr. Drew respectfully suggests that the district court abused its discretion when refusing to give the "mere presence" instruction thus requiring the conviction and sentences to be vacated and a new trial ordered.

**IV.** **The district court abused its discretion when it gave undue weight to Mr. Drew's criminal history and pretrial adjustment when it imposed a substantively unreasonable sentence of 360 month imprisonment.**

In this case, the district court determined the correct sentencing range under the United States Sentencing Guidelines was 235 to 293 months of official imprisonment. (S. Tr. 3) The district court imposed an upward variance to a 360 month term of imprisonment – slightly more than ten years more than the bottom of the Guidelines range. (S. Tr. 21). Given all the circumstances and the district court's explanation, this was an abuse of discretion.

**A.** **Standard of Review**

This Court "consider[s] the substantive reasonableness of the sentence under a deferential abuse abuse-of-discretion standard." *United States v. Crumble*, 965 F.3d 692, 646 (8th Cir. 2020), *citing United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012). Accordingly, as to this final issue on appeal, the proper standard for this Court's review is abuse-of-discretion. *See id*.

**B.** **Discussion**

When evaluating a district court's chosen sentence, the Supreme Court has instructed that reviewing courts must look at the result substantively as well as procedurally. *Gall v. United States*, 552 U.S. 38, 51 (2007). This inquiry requires the reviewing court to "take into account the totality of the circumstances." *Id*.

And a reviewing court is to "give due deference" to the district court's weighing of 18 U.S.C. 3553(a) sentencing factors. *Id.*

"[S]ubstantive review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions." *United States v. Dautovic*, 763 F.3d 927, 934 (8th Cir. 2014) (punctuation and citations omitted); *see also United States v. Singh*, 877 F.3d 107, 116-22 (2d Cir. 2017) (upward variance from 15-21 month Guideline range to 60-month sentence imposed substantively unreasonable, as this was a significant variance based upon dubious rationales in fact-finding and weighing of plenary factors).

Here, the sentencing court cited Mr. Drew's criminal history and various violent altercations while in custody in support for the upward variance. (S. Tr. 18-21) Regarding Mr. Drew's prior record, that is what the Guidelines criminal history category is designed to capture. Mr. Drew's criminal history consists of three separate convictions: (1) 2009 conviction of first degree robbery and criminal action; (2) 2013 conviction of second degree robbery and armed criminal action; and (3) 2013 conviction of second degree robbery and armed criminal action. (DCD 106, 8-10) Of significance, by operation of U.S.S.G. §4A1.1(a) and (e), Mr. Drew received 4 criminal history points for each of these three state cases. An additional two (2) criminal history points was applied pursuant to U.S.S.G. §4A1.1.(d) due to Mr. Drew being on parole release during the commission of the

instant offense.  In total, due to Mr. Drew's prior convictions, and status of being on parole at the time of the instant offense, he was assessed 14 criminal history points placing him in criminal history category VI.

However, here the guidelines not only fully captured Mr. Drew's prior record through the increase in his criminal history category, they also significantly increased his offense level pursuant to U.S.S.G. §2K2.1(a)(1).  (Id. at 6-7)  Mr. Drew's offense level was increased due to his three prior robbery convictions by operation of U.S.S.G. §4B1.4 to a level 33.  By way of demonstrating the impact of his convictions on his guideline offense level, if Mr. Drew had only incurred the 2012 conviction and the resulting 4 criminal history points, his offense level would have been a 14 with CHC III.  The resulting guideline range would have been 21-27 months.    Purely by operation of the guidelines, Mr. Drew's subsequent convictions, beyond the 2012 conviction, increased his suggested guideline range to 235-295, which represents more than an eleven fold increase.  Despite the tremendous increase of suggested sentence by operation of the guidelines, the district court, relying primarily on Mr. Drew's previous convictions, imposed an upward variance to 360 months.

The Eighth Circuit has reversed when, like here, the upward variance was improper because "the district court gave undue weight to [defendant's criminal history] to justify its extreme deviation from the guideline range."  *United States v.*

*Martinez*, 821 F.3d 984, 989 (8th Cir. 2016). In *Martinez*, this Court held that "[t]he violence Martinez displayed in these two crimes does not support an upward variance of more than eleven years above the low end of the guideline range, particularly when the guidelines already account for this conduct. *Id*. at 990. Similarly here, because the guidelines adequately take into consideration Mr. Drew's criminal history, a 125 month upward variance from the low end of the guidelines range seriously undermine sentencing uniformity and must be vacated. This is perhaps most glaring when considering the codefendant Maurice Jefferson received a sentence of 36 months as compared to the 360 months received by Mr. Drew.

Finally, here the district court did not provide rationale as to why the enhanced Guideline range owing to the criminal history category and increased offense level was insufficient for the purposes of accounting for Mr. Drew's record. In sum, then, the district court's weighing decisions here were not reasonable. And the significant upward variance was not appropriately justified. The sentence must therefore be reversed, as substantively unreasonable.

## V.    Conclusion

For the foregoing reasons and arguments, Jose Drew respectfully requests this Court vacated his sentence and remand for proceedings consistent with the arguments raised herein.

Respectfully submitted,

*/s/ David J. Guastello*
David J. Guastello, MO Bar #57924
The Guastello Law Firm, LLC
811 Grand Blvd., Suite 101
Kansas City, MO 64106
Telephone: 816-753-7171
ATTORNEY FOR APPELLANT

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B), because this brief contains 6270 words, excluding portions of the brief exempted by Fed. R. App. P 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of the Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6), because this brief has been prepared in a proportionally space typeface using Microsoft Word 2013 in 14 point Times New Roman font.

3.  The Brief and Addendum submitted herewith were scanned for viruses with AVG anti-virus and according to the program no viruses were detected.

*/s/ David J. Guastello*

David J. Guastello #57924
The Guastello Law Firm, LLC
811 Grand Blvd., Suite 101
Kansas City, MO 64106
Telephone: 816-753-7171
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

It is hereby certified that on the 30th day of November, 2020, the foregoing was electronically submitted to the Clerk for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. A paper copy will be served on the participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that paper copies of the Appellant's Brief and Addendum were mailed on this _____ day of December, 2020 to:

Jose Drew #33370-045
USP Beaumont
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX 77720

Robert M. Smith, SAUSA
U.S. Attorney's Office
400 E. 9th Street, Suite 5510
Kansas City, MO 64106

*/s/ David J. Guastello*
David J. Guastello #57924
The Guastello Law Firm, LLC
811 Grand Blvd., Suite 101
Kansas City, MO 64106
Telephone: 816-753-7171
ATTORNEY FOR APPELLANT